IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL R. DUNBAR,  <br>       Plaintiff | * |
| v. | *  <br>CIVIL ACTION NO.  AMD-04-3528  <br>* |
| IRA SHOCKLEY, WARDEN, et al.,  <br>       Defendants | * |

******

**MEMORANDUM**

Defendants have moved for dismissal or summary judgment against plaintiff.  Paper No. 9. Plaintiff has not filed a response.[1]  No hearing is necessary. Local Rule 105.6.(D. Md. 2004).  For the reasons stated below, the dispositive motion filed by defendants, treated as a motion for summary judgment, will be granted.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion.  As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 8, 2005, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his complaint. Paper No. 10. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court.  *Id*.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the court now examines plaintiff's claims.

## Background

Plaintiff, a pretrial detainee then housed at the Worcester County Jail, asserted a number of complaints regarding his incarceration. Paper Nos. 1 and 3. Specifically, plaintiff alleged that he was: (1) denied adequate medical care; (2) denied access to the courts; (3) subjected to inhumane conditions of confinement; (4) denied a trustee position; (5) denied recreation; and (6) prohibited from practicing religion. *Id.*

## Analysis

The court first examines defendants' contention that this action should be dismissed in its entirety for failure of plaintiff to exhaust available administrative remedies.

The Prison Litigation Reform Act ["PLRA"] generally requires a plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this

title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to each of plaintiff's allegations and plaintiff's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA, or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review), *cert. denied*, 537 U.S. 949 (2002).

The Worcester County Jail has established an internal complaint system for the handling of inmate grievances. Paper No. 9, Ex. 10 at p. 4. An aggrieved inmate may obtain a grievance form

from a classification counselor and forward his complaint to the Warden. The Warden, within ten days of receipt of the grievance, will direct any investigation of the matter. The inmate is entitled to a written response within 15 working days from the Warden's receipt of the grievance. *Id.*

The undisputed evidence here reveals that plaintiff twice received a copy of the Worcester County Jail handbook which included information regarding the internal grievance procedure. *Id.*, Ex. 9. Nor is it disputed that plaintiff, incarcerated in the Worcester County Jail from August 2004 until December 2004, filed no grievances. *Id.*, Ex. 9 at p. 2. Plaintiff has clearly failed to exhaust available administrative remedies with regard to each of his claims. Unlike the prisoner plaintiff in *Taylor v. Barnett*, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated plaintiff's attempts at pursuing administrative remedies; instead, plaintiff through his own action failed to follow the proper procedure for filing claims. Accordingly, plaintiff's complaint will be dismissed.

A separate Order will be entered in accordance with this Memorandum.


April 18, 2005                                         /s/
                                              Andre M. Davis
                                              United States District Judge